IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BRIDGETTE VILLANUEVA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 16 C 10056 |
| CHICAGO HOUSING AUTHORITY, | ) | |
| C.V.R. HOUSING CONSULTANTS INC., | ) | Judge John J. Tharp, Jr. |
| CHERMAINE JOHNSON-DAVIS, | ) | |
| DAVID GHERHI, and TAMEKA ORTELA- | ) | |
| ZAPATA | ) | |
| Defendants. | | |

## ORDER

For the reasons stated below, the Plaintiff Bridgette Villanueva's application for leave to proceed in forma pauperis [4] is granted. However, the complaint is dismissed pursuant to 28 U.S.C. § 1915A as frivolous and for failure to state a claim. The plaintiff's motion for attorney representation [5] is denied as moot, and the case is terminated.

## STATEMENT

The plaintiff's application to proceed *in forma pauperis* [4] is granted. Based on the application, Plaintiff lacks income or any significant assets. In addition, the Plaintiff's complaint indicates that she is homeless.

The plaintiff, however, cannot proceed on her complaint. The statute governing in forma pauperis proceedings states that a court shall dismiss the lawsuit upon a determination that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; (iii) or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915. Based on the Court's review of Ms. Villanueva's complaint, it fails to state a claim.

By way of background, this is not the first complaint that Ms. Villanueva has filed in this Court. She lodged three complaints in November 2015, all of which alleged that her constitutional rights had been violated in some way by the Chicago Housing Authority or by individuals she asserted were acting under that agency's authority. *See* Case Nos. 15 C 10559, 15 C 10560, 15 C 10561. This Court dismissed the complaints in two of those cases on August 18, 2016, upon Ms. Villanueva's oral motion. *See* Case No. 15 C 10561, ECF No. 25; Case No. 15 C 10560, ECF No. 23. In the third case, this Court granted the defendants' motion to dismiss for failure to statute a claim under Federal Rule of Civil Procedure 12(b)(6) on September 30, 2016. Case No. 15 C 10559, Order, ECF No. 39. In that Order dismissing the complaint without prejudice, this Court found that Ms. Villanueva had merely listed a number of legal claims in that complaint and had not alleged any facts at all, thus failing to provide the defendants with enough information to put them on notice of the claims against them. *Id.* at 1. On October 26, 2106, Ms.

Villanueva filed the instant suit, as well as another suit docketed at Case No. 16 C 10055. Both of these latest complaints name the Chicago Housing Authority as a defendant, together with other defendants who, Ms. Villanueva alleges, acted under that agency's authority. *See* Case No. 16 C 10056, ECF No. 1, at ¶ 5; Case No. 16 C 10055, ECF No. 1, at ¶ 5.

Ms. Villanueva's prior litigation history in this Court also includes conduct that has prompted the Executive Committee of this Court to ban her from the Courthouse absent court-ordered escort by the United States Marshal. On September 12, 2016, after receiving reports that Villanueva exhibited inappropriate conduct in the Dirksen U.S. Courthouse earlier this year, the Executive Committee entered an order stating that Villanueva is barred from entering the building unless directed to do so by a judge of this Court and that should she be so directed, a representative of the U.S. Marshals Service shall accompany her at all times while she is present in the Dirksen U.S. Courthouse. *See* In Re: Bridgette Villanueva, Case No. 16 C 04587. The Executive Committee indicated that these measures were in response to conduct that concerned the Executive Committee as well as the Clerk's Office and the U.S. Marshals service; specifically, on April 22, 2016, the U.S. Marshals Service was notified about an incident in which Villanueva caused a disturbance in Judge Dow's courtroom and outside that courtroom, and in August 2016, she apparently "repeatedly interrupted a District Court Judge, asked legal questions of attorneys not involved with her legal proceeding, became argumentative and aggressive with court staff, and spoke of having bombs in her bags." Case No. 16 C 04587, ECF Nos. 1, 3.

This Court will not be directing Villanueva to enter the Courthouse, however, as this case fails to state a claim. Rule 8 requires a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although this does not require detailed factual allegations, a plaintiff must provide "enough detail to give the defendant fair notice of what the claim is and the grounds upon which it rests, and, through [her] allegations, show that it is plausible, rather than merely speculative, that [she] is entitled to relief." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008). Furthermore, a plaintiff "has the obligation to provide the factual grounds" of her complaint. *Bissessur v. Ind. Univ. Bd. of Trs.*, 581 F.3d 599, 602 (7th Cir. 2009).

In her form complaint in this case, Villanueva names the Chicago Housing Authority ("CHA"), C.V.R. Housing Consultants Inc., Chermaine Johnson-Davis, David Gherhi, and Tameka Ortela-Zapata as defendants. *See* Compl., ECF No. 1. She refers specifically to Johnson-Davis and Gheri only once in her complaint, *see* Compl. ¶ 4, 7, and does not appear to ever reference Ortela-Zapata other than in the caption. The complaint's allegations are essentially indecipherable as they consist largely of disjointed sentences and incomplete phrases; the best the Court can do is surmise that the claim has something to do with the termination of Ms. Villanueva's eligibility to participate in a voucher program based on violations of CHA rules or regulations, but even that much cannot be stated with confidence. *See* Compl. at ¶¶ 7-10, 14. Though Ms. Villanueva lists the date of the alleged misconduct as 4/14/14 (a fact that also raises concerns about the timeliness of her claims, in view of the two-year statute of limitations that applies to § 1983 claims), she fills out the section regarding how she was injured as a result of the Defendants' conduct only by stating that she has been disabled since Oct. 31, 2013 and indicating that she slipped and fell at an unidentified location, presumably on or before that prior

date. *Id.* at ¶ 12. It is unclear what connection (if any) that incident has with her present claim. The present complaint, in short, fails to set forth a plausible claim against any of the named defendants and is therefore dismissed *sua sponte* by the Court pursuant to 28 U.S.C. § 1915(e)(2). The dismissal is without prejudice to the assertion of an amended complaint on or before December 2, 2016. Ms. Villanueva's motion for attorney representation [5] is denied as moot.

Finally, the Court also notes that Ms. Villanueva has listed an address for which other Court correspondence has recently been undeliverable. *See* Case No. 16 C 04587, ECF Nos. 2, 4. Having no other address at which to send notices, the Court will continue to use this address. It is the plaintiff's responsibility to monitor her case and to provide a reliable means to communicate with her; therefore, complaints that the plaintiff did not receive this or other orders will not constitute good cause for extending deadlines. If the plaintiff timely submits a complaint plausibly stating a claim, the Court will enter an order permitting her to enter the Courthouse as necessary to appear for hearings in the case; until that time, however, and consistent with the Executive Committee's order, Ms. Villanueva is not permitted to enter the Courthouse.

Date: November 7, 2016

John J. Tharp, Jr.
United States District Judge

3